In the Matter of the Claim of JOHN MCCARTHY, Respondent, against FRANK D. MCDONALD and ROYAL INDEMNITY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and insurance carrier from an award in claimant's favor. On March 3, 1937, while claimant was engaged in the regular course of his employment and while in the act of laying out exhibit booths he struck the left side of his head against a basket ball pipe frame, as a result of which he suffered pain in the ear and cold and lump on the side of his head, abscess in the left ear and mastoiditis, for which operative procedure became necessary. The State Industrial Board found that the injuries so sustained by claimant were accidental and arose out of the course of his employment. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Claim of Mrs. CATHERINE NYDAHL, Respondent, against LACKAWANNA STEEL CONSTRUCTION CORPORATION, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of the State Industrial Board for death benefits in favor of the widow and minor children. The record contains ample proof sustaining the contention of causal relation between the accidental injuries received on May 12, 1935, and the resultant death on October 19, 1935. The decision of the referee in the disability case is not binding on the State Industrial Board. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Claim of WALTER GREGORY, Respondent, against WILLIAM KENNEDY CONSTRUCTION COMPANY and UNITED STATES FIDELITY & GUARANTY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and insurance carrier from an award in claimant's favor. The only questions presented are causal relation and rate. On February 17, 1932, claimant sustained accidental injuries while engaged in the regular course of his employment. The Industrial Board found that while claimant was operating a wheelbarrow the same tipped over and the handle struck him on the right quadrant of his abdomen and caused his head to strike the pavement as a result of which he suffered a right direct inguinal hernia. The claimant was operated upon for this condition and while on the operating table the physician discovered that he also had a left direct inguinal hernia. The Board also found that claimant's disability was due to the operation which was performed on him by a doctor on behalf of the carrier. The employer in its report of injury stated that claimant's wages were nine dollars and ninety cents a day. Claimant also testified that he received that wage. The Industrial Board found the claimant's average weekly wages were forty-nine dollars and fifty cents. The evidence sustains the findings. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.